## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIFFANY LEVY,
          Appellant,

      v.

SECURITIES AND EXCHANGE
   COMMISSION,
          Agency.

DOCKET NUMBER
DC-0752-18-0038-I-1

DATE: September 5, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Peter Broida, Esquire, Arlington, Virginia, for the appellant.

Daniel L. Garry, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The essential undisputed facts are as follows.  In February 2017, the appellant and the agency entered into a settlement agreement resolving an equal employment opportunity (EEO) complaint that the appellant had filed against the agency, under which the agency agreed to increase the appellant's salary, effective January 1, 2017.  Initial Appeal File (IAF), Tab 1 at 11-14.  On October 3, 2017, the agency notified the appellant that it had incorrectly processed her salary increase when it implemented the terms of the settlement agreement.  *Id.* at 9.  As a result, the agency informed her that it had erroneously overpaid her beyond what was provided for in the settlement agreement and that it would be taking action to correct its "administrative error."  *Id.*

¶3    On October 16, 2017, the appellant filed a Board appeal alleging that she had suffered a reduction in pay as a result of the agency's October 3, 2017 letter.  IAF, Tab 1 at 6.  She further alleged that the action violated the settlement agreement and constituted retaliation for her EEO activity.  *Id.*  The agency moved to dismiss the appeal as premature and for lack of jurisdiction, asserting that no action had yet been taken regarding the appellant's salary.  IAF, Tab 4.  The agency further noted that on October 25, 2017, it had issued the appellant a Notice of Proposed Reduction in Salary and provided her with due process rights.  *Id.* at 5, 7-10.  The administrative judge issued an order indicating that the Board may lack jurisdiction over the appeal as a reduction in pay and ordering the appellant to file evidence and argument demonstrating that the Board has jurisdiction over the appeal.  IAF, Tab 5.  In response, the appellant argued that the Board has jurisdiction over the appeal as a reduction in pay based on the agency's October 3, 2017 letter, which she contended amounted to a final decision.  IAF, Tab 6 at 4.

¶4      Thereafter, the administrative judge issued an order indicating that it appeared that the Board may lack jurisdiction over the appeal to the extent the appellant was seeking to enforce the terms of the February 2017 settlement agreement, which was reached outside of the Board's proceedings and not entered into the Board's record for enforcement purposes.  IAF, Tab 8.  The jurisdictional order afforded the parties an opportunity to address this issue.  *Id.*  In response, the appellant reiterated her argument that the Board has jurisdiction over her appeal as a reduction in pay based on the agency's October 3, 2017 letter.  IAF, Tab 9.

¶5      Without holding the appellant's requested hearing, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction.  IAF, Tab 12, Initial Decision (ID).  The administrative judge construed the appeal not as a reduction in pay, but rather as an attempt to enforce the terms of the settlement agreement.  ID at 6-7.  Consequently, he found that the Board lacks jurisdiction to consider such a claim because it lacks the authority to enforce and/or interpret a settlement agreement that was not entered into the Board's record for enforcement purposes.  ID at 6.

¶6      The appellant has filed a petition for review in which she disputes the administrative judge's finding that her appeal amounted to an effort to enforce the settlement agreement instead of an appealable reduction in pay.  Petition for Review (PFR) File, Tab 1.  The agency has opposed the appellant's petition, and the appellant has filed a reply.  PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by statute or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *see* 5 U.S.C. §§ 7512-7513.  The appellant bears the burden of proving jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  If the appellant makes a nonfrivolous allegation

that the matter is within the Board's jurisdiction, she is entitled to a hearing at which she must prove jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). In determining whether an appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of an appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶8        Generally, the Board has jurisdiction to review actions involving reductions in pay. 5 U.S.C. § 7512(4); *Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶ 8 (2012). If the agency reduced the appellant's pay to correct what it believed was a pay-setting error, then the agency bears the burden of showing that it set her pay at a rate contrary to law or regulation. *Kile v. Department of the Air Force*, 104 M.S.P.R. 49, ¶ 17 (2006). An appellant should not be forced to prove that the agency did not make a pay-setting error because the agency is in a much better position to know why it originally set her pay as it did and what later led it to conclude that it made an error. *Id.*

¶9        Here, the administrative judge did not construe the appeal as a reduction in pay, despite the appellant's allegation that the Board has jurisdiction over the appeal as a reduction in pay based on the agency's October 3, 2017 letter. IAF, Tab 6 at 4. We therefore consider this jurisdictional issue now. The agency's October 3, 2017 letter stated clearly that it would be taking action to correct its error setting the appellant's salary. IAF, Tab 1 at 9. Although the agency subsequently issued an October 25, 2017 Notice of Proposed Reduction in Salary,

there is no evidence indicating that the agency rescinded the October 3, 2017 letter or expunged it from the appellant's files.

¶10     Accordingly, we find that the appellant nonfrivolously alleged that the agency reduced her pay based on the October 3, 2017 letter.  To the extent the agency reduced the appellant's pay to correct what it believed was a pay-setting error, further development of the record is needed on this issue.  The appellant is therefore entitled to a jurisdictional hearing.  *Garcia*, 437 F.3d at 1344.  On remand, the appellant must prove by preponderant evidence the matters that she has nonfrivolously alleged.

## ORDER

¶11     For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.